# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| YAN DING,<br><br>          Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>          Defendants. | Civil Action No. 4:25-cv-517 |

## COMPLAINT

Plaintiff Yan Ding ("Plaintiff"), hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleged as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Texas, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Texas residents by operating one or more commercial, interactive Defendant Internet Stores through which Texas residents can purchase products featuring Plaintiff's patented design. Each of the

1

Defendants has targeted sales from Texas residents by operating online stores that offer shipping to the United States, including the Eastern District of Texas, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Texas. Furthermore, upon information and belief, each Defendant has imported goods for sale into Texas for distribution from one or more online marketplace shipping and logistic centers as shown by the shipping times for the Accused Products shown in **Exhibit A**. Each of the Defendants is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Texas.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendants are Chinese entities.

## INTRODUCTION

4. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the products shown in **Exhibit A** (the "Infringing Products"), that infringe Plaintiff's patented design. The Defendants create the Defendant Internet Stores and design them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as using the same or similar product images, advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from

purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

5. Plaintiff is a individual residing in China, and the owner and inventor of the United States Design Patent attached hereto as **Exhibit B** (the "Design Patent").

6. Plaintiff offers its products via online retailers such as Amazon.com and Gigab2b.com which practice the Design Patent. Plaintiff has established its products as the first to market and has an established reputation and quality reviews.

7. Plaintiff's products have been well received by his customers.

8. Plaintiff is the lawful owner of all rights, title, and interest, in the Design Patent. The Design Patent was duly issued in 2024.

9. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the patent design or the Design Patent.

10. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Texas and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Texas, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Texas. Furthermore, upon information and belief, each Defendant has imported one or more of the Accused Products into the state of Texas for

distribution via the online marketplace platforms as shown by the relatively short shipping times to residents of the forum state. *See* **Exhibit A**.

11. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Design Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown in **Exhibit A**. Defendants share the same name in the stores. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

12. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the Design Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

13. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

14. Plaintiff is very familiar with the practices of such online counterfeiters and infringers. Such tactics include shutting down or abandoning their internet stores only to open another internet store offering the same infringing products under a different name, making enforcement of Plaintiff's intellectual property rights difficult in the extreme.

15. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Design Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Texas, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Texas. Furthermore, upon information and belief, each Defendant has imported their products into the forum state for distribution via the Amazon.com and Gigab2b.com platform as shown by the relatively short deliver times to addresses within the forum state and this judicial district. *See* **Exhibit A**.

17. Defendants' infringement of the Design Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

18. Defendants' infringement of the Design Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Texas, is irreparably harming Plaintiff.

# COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT
### (35 U.S.C. § 271)

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Design Patent.

21. Defendants have infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented designs. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. A claim chart comparing Defendants' products an the Patent are shown in **Exhibit C**

22. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Design Patent, Plaintiff will be greatly and irreparably harmed.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

24. Defendants' infringement has been willful. Plaintiff notified Defendants of their infringement on or around December 10, 2024.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Design Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Design Patent; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Gigab2b.com, Wish.com, Walmart.com, Temu.com, Shein.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Design Patent;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Design Patent; and

    c.        take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as she shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Design Patent, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Design Patent;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Design Patent, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorney fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED May 15, 2025.                    Respectfully submitted,

                                       By: */s/ Hao Ni*
                                       Hao Ni
                                       Texas Bar No. 24047205
                                       hni@nilawfirm.com

                                       **NI, WANG & MASSAND, PLLC**
                                       8140 Walnut Hill Ln., Ste. 615
                                       Dallas, TX 75231
                                       Tel: (972) 331-4600
                                       Fax: (972) 314-0900


                                       *Counsel for Plaintiff*