## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **YAN DING,** | |
| Plaintiff, | |
| v. | **Civil Action No. 4:25-cv-517** |
| **THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"** | |
| Defendants. | |

## PLAINTIFF YAN DING'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL BACKGROUND ......................................................................... 2

I.      BACKGROUND .......................................................................................... 3

II.     ARGUMENTS AND AUTHORITIES ......................................................... 5

        A.      The pleading must allege facts showing a plausible claim for relief to avoid

                dismissal under Rule 12(b)(6). ............................................................... 5

        B.      The Act of Providing Notice of Infringement of Intellectual Property Rights

                is a Protected Activity that Cannot Give Rise to Valid Claims. ...................... 5

                1.      Federal Law allows a patent holder to assert its rights. .............................. 5

                2.      Defendants have not shown that Plaintiff's assertion of patent rights was

                        done in bad faith or that it was objectively baseless. .................................. 7

                3.      Defendants Tortious Interference and Unfair Competition Both Fail as a

                        Result ............................................................................................... 11

        C.      The pleading fails to state a valid tortious interference claim. ....................... 12

        D.      The Pleading Fails to State a Valid Unfair Competition Claim ..................... 14

        E.      The Pleadings fail to state a valid claim for Inequitable Conduct ................. 14

III.    CONCLUSION ............................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*800 Adept, Inc. v. Murex Securities*, Ltd.,
539 F.3d 1354 (Fed. Cir. 2008) ........................................................................ 9, 10

*Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*,
494 F.2d 3 (5th Cir.1974) ...................................................................................... 17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................. 5

*Beavers v. Riley Built, Inc.*,
2017 U.S. Dist. LEXIS 193183 (W.D. Ky. Nov. 21, 2017) ............................... 10, 13

*Breville Pty Ltd. v. Storebound LLC*,
2013 WL 1758742 (N.D. Cal. Apr. 24, 2013) ................................................ 12, 13, 18

*Bryant v. Military Dep't of Mississippi*,
597 F.3d 678 (5th Cir. 2010) ................................................................................... 8

*Cabin Foods, Ltd. liability Co. v. Rich Products Corp.*,
No. EP-11-CV-318-KC (W.D. Tex. Feb. 8, 2012) .................................................. 19

*Campbell v. PMI Food Equip. Grp., Inc.*,
509 F.3d 776 (6th Cir. 2007) ................................................................................... 8

*Clearplay, Inc. v. Nissim Corp.*,
555 F. Supp. 2d 1318 (S.D. Fla. 2008) ............................................................. 11, 14

*Coastal States Mktg., Inc. v. Hunt*,
694 F.2d 1358 (5th Cir. 1983) ................................................................................. 8

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*,
944 F.2d 1525 (9th Cir. 1991) ............................................................................. 7, 9

*Concrete Unlimited, Inc. v. Cementcraft, Inc.*,
776 F.2d 1537 (Fed. Cir. 1985) ............................................................................... 6

*Content Extraction & Transmission LLC v. Wells Fargo Bank, National Ass'n*,
776 F.3d 1343 (Fed. Cir. 2014) .............................................................................. 14

*Crocs, Inc. v. Effervescent, Inc.*,
No. 1:06-CV-00605-PAB-KMT (D. Colo. Mar. 31, 2017) .................................... 13

*Crye Precision LLC v. Duro Textiles, LLC*,
2015 WL 6509143 (S.D.N.Y. Oct. 28, 2015) .................................................. 12, 13, 18

*E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 (1961) ........................................................................................................ 8

*El Paso Healthcare Sys. v. Murphy*,
    518 S.W. 3d 412 (Tex. 2017) ........................................................................................ 15

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ............................................................................... 18, 19

*Flypsi, Inc. v. Dialpad, Inc.*,
    No. 6:21-CV-0642-ADA (W.D. Tex. Aug. 22, 2022) ................................................... 19

*Frosty Bites, Inc. v. Dippin' Dots, Inc.*,
    2003 WL 21196247 (N.D. Tex. May 19, 2003) ........................................................... 10

*Glass Equip. Dev., Inc. v. Besten, Inc.*,
    174 F.3d 1337 (Fed. Cir. 1999) ..................................................................................... 7

*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*,
    362 F.3d 1367 (Fed. Cir. 2004) ..................................................................................... 9

*GoLabs, Inc. v. Hangzhou Chic Intelligent Tech. Co.*,
    2020 U.S. Dist. LEXIS 48311 (N.D. Tex. Mar. 20, 2020) ........................................... 16

*In re Innovatio IP Ventures, LLC Patent Litig.*,
    921 F. Supp. 2d 903 (N.D. Ill. 2013) ..................................................................... 11, 14

*Islander Grp., Inc. v. Swimways Corp.*,
    954 F. Supp. 2d 1045 (D. Haw. 2013) ................................................................... 11, 13

*Kingspan Insulated Panels, Inc. v. Centria, Inc.*,
    2016 U.S. Dist. LEXIS 102721 (W.D. Mich. Aug. 4, 2016) .................................... 10, 13

*LifeNet, Inc. v. United States HHS*,
    617 F. Supp. 3d 547 (E.D. Tex. 2022) ........................................................................... 3

*Mallinckrodt, Inc. v. Medipart, Inc.*,
    976 F.2d 700 (Fed. Cir. 1992) .................................................................................... 7, 9

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*,
    695 F.3d 1322 (Fed. Cir. 2012) ..................................................................................... 6

*McGuire Oil Co. v. Mapco, Inc.*,
    958 F.2d 1552 (11th Cir. 1992) ..................................................................................... 7

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
    165 F.3d 891 (Fed. Cir. 1998) ............................................................... 6, 7, 9, 10, 16

*Molins PLC v. Textron*,
　　48 F.3d 1172 (Fed. Cir. 1995) ................................................................. 18

*Pactiv Corp. v. Perk-Up, Inc.*,
　　2009 WL 2568105 (D.N.J. Aug. 18, 2009) ............................... 10, 12, 13

*Primetime 24 Joint Venture v. Nat'l Broad. Co.*,
　　219 F.3d 92 (2d Cir. 2000) ...................................................................... 7, 8

*PrinterOn Inc. v. BreezyPrint Corp.*,
　　93 F. Supp. 3d 658 (S.D. Tex. 2015) ..................................................... 10

*Rimkus Consulting Group, Inc. v. Cammarata*,
　　688 F. Supp. 2d 598 (S.D. Tex. 2010) ................................................... 17

*Sanitec Indus. Inc. v. Micro-Waste Corp.*,
　　2005 WL 8168876 (S.D. Tex. June 15, 2005) ..................................... 11

*Sosa v. DIRECTV, Inc.*,
　　437 F.3d 923 (9th Cir. 2006) ................................................................. 7, 8

*Taylor Publ'g Co. v. Jostens, Inc.*,
　　216 F.3d 465 (5th Cir. 2000) ............................................................. 17, 18

*Therasense, Inc. v. Becton, Dickinson & Co.*,
　　649 F.3d 1276 (Fed. Cir. 2011) ............................................................. 20

*Theta IP, LLC v. Samsung Electronics Co.*,
　　No. WA:20-CV-00160-ADA (W.D. Tex. June 7, 2021) ..................... 19

*U.S. Nutraceuticals, LLC v. Cyanotech Corp.*,
　　2014 U.S. Dist. LEXIS 36009 (M.D. Fla. Mar. 19, 2014) ............. 11, 13

*United Mine Workers of Am. v. Pennington*,
　　381 U.S. 657 (1985) .................................................................................... 8

*Virtue v. Creamery Package Mfg. Co.*,
　　227 U.S. 8 (1913) ................................................................................. 6, 16

*Wal-Mart Stores, Inc. v. Sturges*,
　　52 S.W.3d 711 (Tex. 2001) ..................................................................... 16

*Wesdem v. Illinois Tool Works*,
　　No. SA-20-CV-00987-OLG (W.D. Tex. Mar. 12, 2021) ..................... 15

*Whirlpool Corp. v. Shenzhen Sanlida Electrical Technology Co.*,
　　No. 2:22-cv-00027-JRG-RSP (E.D. Tex. Mar. 5, 2024) ..................... 14

**Statutes**

35 U.S.C. § 287 ................................................................................................................ 6

**Rules**

FED. R. CIV. P. 8 ............................................................................................................. 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff, Yan Ding ("Plaintiff"), moves to dismiss Defendants NUOLI Furniture, NUOLI Office Furniture, NUOLI-US (collectively, "NUOLI") and Bazhoushinuolijiajuyouxiangongsi's (collectively along with NUOLI, "Defendants") Counterclaims for (1) inequitable conduct; (2) tortious interference with a business relationship; and (3) unfair competition against it for failure to state a claim upon which relief may be granted.

## I.    INTRODUCTION

Plaintiff is the inventor and owner of U.S. Design Patent No. D1,035,306 (the "Asserted Patent") which issued on July 16, 2024. Plaintiff filed this case against Defendants NUOLI Furniture, NUOLI Office Furniture, and NUOLI-US, asserting infringement of the Asserted Patent by the office chair products identified in the Complaint. *See* Dkt. Nos. 2, 2-1, 2-2, and 2-3. On July 31, 2025, Defendants filed their answer and counterclaims (Dkt. No. 21), asserting counterclaims for (1) invalidity; (2) non-infringement; (3) unenforceability due to inequitable conduct; (4) "Tortious Interference with Contractual or Business Relationships"; and (5) unfair competition. Plaintiff moves to dismiss the counterclaims of unenforceability due to inequitable conduct; "Tortious Interference with Contractual or Business Relationships"; and unfair competition.

Defendants claim for inequitable conduct must be dismissed as Defendants fail entirely to meet the heightened pleading standard for such claims. Similarly, Defendants claims for "Tortious Interference with Contractual or Business Relationships" should be dismissed for numerous reasons. First, Defendants fail to state a valid cause of action under Texas Law. Second, the claim alleges that Plaintiff is liable for tortious interference in connection with its efforts to enforce patent rights. Third, it fails to offer any evidence that Plaintiff interfered with Defendants' rights or

1

obligations under any contract with any third parties.  For the same reason, Defendants claim for unfair competition under Texas law must be dismissed.

## II.    FACTUAL BACKGROUND

**1. Patent Law Preemption / Immunity for Litigation Activities.** The claims against Plaintiff are based on the submission of a patent infringement notice to Amazon.com and Shein.com, asserting that the NUOLI products infringe the Asserted Patent. The allegations in the counterclaim, even if true, cannot support a valid claim for relief against Plaintiff because the act of providing infringement notice is a protected activity under federal patent law and the *Noerr-Pennington* doctrine. The only possible exception is for a claim that is made in bad faith and objectively baseless, but the Defendants do not allege facts showing that the infringement notice by Plaintiff was made in bad faith and objectively baseless. Thus, the pleading fails to state a claim for relief that is plausible on its face and should be dismissed under Rule 12(b)(6).

**2. Tortious Interference Elements Not Alleged.** The complaint does not support a claim for tortious interference. First, tortious interference with contract requires a breach of contract, and the complaint does not allege that Plaintiff induced Amazon, or any other party, to breach the contract, interfering with Defendants legal rights under the contract. Second, tortious interference with prospective business relationships requires an action by the defendant that was independently tortious or wrongful, and the infringement notice by Plaintiff was protected activity that was not independently tortious or wrongful. Accordingly, the tortious interference claim is not plausible and should be dismissed under Rule 12(b)(6).

### III.    BACKGROUND

Plaintiff, through its prior counsel, filed a lawsuit for infringement of the Asserted Patent against three online storefronts—NUOLI Furniture, NUOLI Office Furniture, and NUOLI-US—in the Northern District of Illinois on November 8, 2024.  *See Ding v. Ba Zhou Shi Nuo Li Jia Ju You Xian Gong Si*, No. 1:24-cv-11528 (N.D. Ill. 2024) (the "NDIL Action").  Plaintiff sought an *ex parte* temporary restraining order, which was denied by Judge Gotschall by minute entry on the basis of a failure to show personal jurisdiction and joinder were proper.[1]  On January 6, 2025, Plaintiff filed a voluntary notice of dismissal without prejudice of the NDIL Action.  On May 15, 2025, Plaintiff filed this action, alleging infringement of the Asserted Patent by the NUOLI Defendants, and seeking an *Ex Parte* temporary restraining order against Defendants, which has since been dissolved.  Dkt. Nos. 1, 7, and 19.

Defendants attempt to throw various allegations against the wall, hoping something will stick.  They also repeatedly attempt to cast Plaintiff's legitimate and lawful efforts to police and enforce its intellectual property rights as nefarious conduct.  For example, Defendants complain that Plaintiff submitted infringement complaints regarding the Asserted Patent to Shein.com.  Dkt. No. 21 at ¶ 37.  However, this is an activity expressly permitted and expected under the Noerr-Pennington doctrine.[2]  Defendants also complain that Plaintiff's failure to include the already dismissed NDIL Action on the civil coversheet is further proof of ill intent.  Counterclaims at ¶ 47.  This argument twists the purpose of the requirement to notify the Court of *pending* cases involving the same parties and matters, a requirement designed to comply with the "First-to-File" rule and to conserve judicial time and resources.  *See LifeNet, Inc. v. United States HHS*, 617 F. Supp. 3d

---

[1] Defendants have contested neither in this matter.

[2] And indeed, required lest the patentee lose its ability to enforce its patent rights under the doctrines of waiver and/or laches.

547 (E.D. Tex. 2022); *see also* P.R. 2-6.  As yet more examples, Defendants claim: (1) that Plaintiff "did not actually purchase" the Accused Products—which is irrelevant give that infringement is clear from the included screenshots; (2) that Plaintiff did not "obtain or inspect any physical samples" of the Accused Products—again ignoring the evidence of infringement submitted; and (3) that Plaintiff "intentionally obscured the product images" of the Accused Products in an attempt to "conceal"—again ignoring the infringing evidence, and the fact that Plaintiff used Defendants product images without any editing or obscuring whatsoever.  *See* Counterclaims at ¶¶ 27, 28, and 31.

Defendants' "shotgun" pleading is a boldfaced attempt to distract from the fact that Defendants have failed entirely to plausible plead any claims for relief other than their counterclaims for invalidity and non-infringement.[3]  For example, Defendants counterclaim for inequitable conduct—which is subject to the heightened pleading standard—fails to make any showing that (1) Plaintiff made a material misrepresentation; (2) that Plaintiff knew the representation was false; or (3) that the misrepresentation was made with the specific intent to mislead.  Similarly, Defendants' counterclaim for Tortious interference[4] is barred by the *Noerr-Pennington,* fails to identify any contractual right or obligation with which Plaintiff interfered, and blatantly ignores relevant case law dismissing nearly identical claims.  Defendants' claim for unfair competition is not only equally devoid of factual allegations but fails to inform Plaintiff of any tortious act taken, or even which species of unfair competition Defendants are alleging.[5]

---

[3] Substantial questions exist as to whether or not Defendants have adequately met their pleading burden for validity and infringement.

[4] To the extent Defendants pled a valid claim for relief, as address further below.

[5] Defendants further confuse the issue by alluding to unfair competition by "false or misleading statements" to "consumers", a species of trademark infringement, and which is categorically unsupported.

## IV.    Arguments and Authorities

### A.    The Pleading Must Allege Facts Showing a Plausible Claim for Relief to Avoid Dismissal Under Rule 12(b)(6).

Rule 12(b)(6) authorizes dismissal of actions that fail to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### B.    The Act of Providing Notice of Infringement of Intellectual Property Rights is a Protected Activity that Cannot Give Rise to Valid Claims.

#### 1.    Federal Law Allows a Patent Holder to Assert its Rights.

Defendants' complaint fails to state a plausible claim for relief against Plaintiff because the alleged wrongful acts by Plaintiff—providing notices of infringement to Amazon.com and Shien.com—are a protected activity that cannot give rise to a valid claim for relief due to preemption by federal patent law and immunity under the *Noerr-Pennington* doctrine. It is well established that "[a] patentee has the right to inform a potential infringer of the existence of the patent, whereby the recipient of the information may adjust its activities, perhaps seek a license, or otherwise act to protect itself." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). In fact, the Patent Act requires patent holders to "give notice" to infringers in

certain circumstances, otherwise, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287; *see Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985) (explaining that a patent owner has "the right to exclude others from making, using, and selling the invention and to enforce those rights . . . , and that includes threatening alleged infringers with suit.").

As the Supreme Court explains, "[p]atents would be of little value if infringers of them could not be notified of the consequences of infringement or proceeded against in the courts. Such action considered by itself cannot be said to be illegal." *Virtue v. Creamery Package Mfg. Co.,* 227 U.S. 8, 37-38 (1913); *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1332 (Fed. Cir. 2012). Thus, "federal authority makes clear that it is not improper for a patent owner to advise possible infringers of its belief that a particular product may infringe the patent." *Mikohn Gaming*, 165 F.3d at 897; *see Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 710 (Fed. Cir. 1992) ("It is not an actionable wrong for one in good faith to make plain to whomsoever that it is his purpose to insist upon what he believes to be his legal rights, even though he may misconceive what those rights are.").

Under the *Noerr-Pennington* doctrine, the act of providing notice of potential infringement is also protected First Amendment activity under the *Noerr-Pennington* doctrine and cannot give rise to a valid claim by the accused infringer, unless the claim of infringement is made in bad faith and objectively baseless. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935 (9th Cir. 2006); *Primetime 24 Joint Venture v. Nat'l Broad. Co.*, 219 F.3d 92, 100 (2d Cir. 2000); *Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1344 (Fed. Cir. 1999); *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1560 (11th Cir. 1992); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944

F.2d 1525, 1528-29 (9th Cir. 1991); *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367-68 (5th Cir. 1983).

The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Established in *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1985), the essence of the doctrine is that "parties who petition the government for governmental action favorable to them cannot be prosecuted under the antitrust laws even though their petitions are motivated by anticompetitive intent." *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 790 (6th Cir. 2007) (internal quotation marks omitted). *see also Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 690 (5th Cir. 2010) ("The *Noerr–Pennington* doctrine holds that the right to petition the government for redress is generally immune from antitrust liability unless" the petition is filed in bad faith.). While the doctrine originally arose in the context of antitrust laws, *Noerr-Pennington* immunity was extended to other litigation activities, including pre-suit communications, such as demand letters and cease and desist letters. *See, e.g., Sosa*, 437 F.3d at 935; *Primetime 24*, 219 F.3d at 100. The Federal Circuit has held that pre-suit infringement notices are a necessary component of enforcing patent rights and thus protected litigation activity. *See, e.g., 800 Adept, Inc. v. Murex Securities*, Ltd., 539 F.3d 1354, 1369 (Fed. Cir. 2008); *Mikohn Gaming*, 165 F.3d at 897; *Mallinckrodt*, 976 F.2d at 710.

### 2. Defendants Have not Shown that Plaintiff's Assertion of Patent Rights was Done in Bad Faith or that it was Objectively Baseless.

Although there is a narrow exception to *Noerr-Pennington* immunity for sham assertions of legal rights, it applies only if "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993) ("If an

objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr* . . . . Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation."). The Federal Circuit has adopted this standard for accused infringers who wish to bring claims based on bad faith assertions of intellectual property rights and requires a showing that the alleged assertion of rights was "objectively baseless." *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004) ("A plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless. Greer has not even attempted to make such a show here. The district court properly granted summary judgment dismissing Greer's claims because of his failure to show that Globetrotter's assertions of infringement were objectively baseless.").

The pleading must show objective and subjective bad faith to show that a patent holder asserted its patent in bad faith. *Pactiv Corp. v. Perk-Up, Inc.*, No. CIV. A. 08-05072 DMC, 2009 WL 2568105, at *8 (D.N.J. Aug. 18, 2009) (citing *Mikohn Gaming Corp.*, 165 F.2d at 891); *see Frosty Bites, Inc. v. Dippin' Dots, Inc.*, No. 3-01-CV-1532-M, 2003 WL 21196247, at *7 (N.D. Tex. May 19, 2003), *adopted by,* 2003 WL 22272462 (N.D. Tex. Sept. 29, 2003) (Although the plaintiff sued the defendant "for violating the Sherman Act by asserting a trade secrets claim . . . , the mere filing of suit with the intent to harm a competitor does not defeat *Noerr–Pennington* immunity. Only if the court finds that the lawsuit is objectively baseless does the subjective intent of the litigant come into play.") (internal citation omitted). And "a party attempting to prove bad faith on the part of a patentee enforcing its patent rights has a heavy burden to carry." *PrinterOn Inc. v. BreezyPrint Corp.*, 93 F. Supp. 3d 658, 703 (S.D. Tex. 2015) (citing *800 Adept*, 539 F.3d at 1370). Where a pleading does not allege facts meeting this standard, dismissal under Rule

12(b)(6) is appropriate. *See, e.g., Beavers v. Riley Built, Inc.*, No. 3:14-cv-539-DJH, 2017 U.S. Dist. LEXIS 193183, at *24-25 (W.D. Ky. Nov. 21, 2017) (defamation claims dismissed for failure to adequately plead bad faith assertion of patent rights); *Kingspan Insulated Panels, Inc. v. Centria, Inc.*, No. 1:15-CV-1023, 2016 U.S. Dist. LEXIS 102721, at *21-22 (W.D. Mich. Aug. 4, 2016) (tortious interference claims dismissed for failure to adequately plead bad faith assertion of patent rights); *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, No. 5:12-cv-366-Oc-10PRL, 2014 U.S. Dist. LEXIS 36009, at *20 (M.D. Fla. Mar. 19, 2014) (state-law unfair competition and Lanham Act claims dismissed for failure to adequately plead bad faith assertion of patent rights); *Islander Grp., Inc. v. Swimways Corp.*, 954 F. Supp. 2d 1045, 1057 (D. Haw. 2013) (defamation, tortious interference, and unfair competition claims dismissed for failure to adequately plead bad faith assertion of patent rights); *In re Innovatio IP Ventures, LLC Patent Litig.*, 921 F. Supp. 2d 903, 922 (N.D. Ill. 2013) (RICO, unfair competition, civil conspiracy, intentional interference with prospective economic advantage, and unclean hands claims dismissed for failure to adequately plead bad faith assertion of patent rights); *Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1331 (S.D. Fla. 2008) (tortious interference claims dismissed for failure to adequately plead bad faith assertion of patent rights); *Sanitec Indus. Inc. v. Micro-Waste Corp.*, No. CV H-04-3066, 2005 WL 8168876, at *5 (S.D. Tex. June 15, 2005) (claim for violating the Sherman Act dismissed for failure to adequately plead bad faith assertion of patent rights).

Under the *Noerr-Pennington* doctrine, allegations that an accused product is different from an asserted design patent are not enough to survive dismissal. For example, in *Crye Precision LLC v. Duro Textiles, LLC*, the defendant asserted counterclaims for declaratory judgment of non-infringement, tortious interference, and unfair competition (among others). No. 15-CV-1681 (DLC), 2015 WL 6509143, at *2-4 (S.D.N.Y. Oct. 28, 2015). Despite the defendant's assertion

9

that certain design elements were missing from the accused products, the court found that the defendant failed to adequately allege subjective bad faith because it did not show that the plaintiff "knew or should have obviously known that its claims lacked an objective foundation." *Id.* at *5. Similarly, in *Breville Pty Ltd. v. Storebound LLC*, the court dismissed an antitrust counterclaim under the *Noerr-Pennington* doctrine. No. 12-cv-01783-JST, 2013 WL 1758742, at *7 (N.D. Cal. Apr. 24, 2013). The defendant alleged that a feature in the accused product was different from a feature in the asserted patent but failed to show that the patent was asserted in bad faith. *Id.* at *8.

As another example, in *Pactiv Corp. v. Perk-Up, Inc.*, the court dismissed a counterclaim for alleged violations of the Lanham Act under the *Noerr-Pennington* doctrine because the defendants "fail[ed] to provide any facts that would suggest Plaintiffs actually gained the alleged knowledge or that discovery would reveal evidence of knowledge" that the plaintiffs knew the asserted patent was not infringed. No. CIV. A. 08-05072 DMC, 2009 WL 2568105, at *9 (D.N.J. Aug. 18, 2009). The court dismissed the counterclaim although the defendants alleged that "Plaintiffs told Defendants' customers and prospective customers that the accused products infringed the '420 Patent despite the knowledge that their statements were false" and "that Plaintiffs' bad faith is evidenced by their failure to conduct a good faith investigation under Fed. R. Civ. P. 11 of infringement of the '420 Patent." *Id.* at *8. Alleging a pattern of litigation activity is also not enough to show bad faith. *See, e.g., Crocs, Inc. v. Effervescent, Inc.*, No. 1:06-CV-00605-PAB-KMT, at *22 (D. Colo. Mar. 31, 2017) (dismissing claims under the *Noerr-Pennington* doctrine despite allegations that the plaintiff "is engaged in a 'pattern' of litigation").

Here, the alleged wrongful conduct by Plaintiff is the submission of infringement notices to Amazon and Shein.com. The complaint does not allege facts showing that the alleged infringement notices were made in bad faith or that it was objectively baseless. In fact, the same

images and charts contained in the Counterclaims show that Plaintiff's claim for infringement was adequately supported, showing that the Accused Products are nearly identical to the Asserted Patent.  Counterclaim at ¶30; *see also Crocs, Inc.*, 598 F.3d at 1303 (discussing the standard for infringement of a design patent).

Although Defendants attempts to show differences between design patents and two the Accused Products, such allegations are insufficient to show bad faith. *See Crye*, 2015 WL 6509143, at *5; *Breville*, 2013 WL 1758742, at *8.

Furthermore, like in *Pactiv Corp.*, Defendants have not shown that Plaintiff subjectively believed there was no infringement. Accordingly, the complaint fails to state a claim upon which relief may be granted. *See Beavers*, 2017 U.S. Dist. LEXIS 193183, at *24-25; *Kingspan*, 2016 U.S. Dist. LEXIS 102721, at *21-22; *U.S. Nutraceuticals*, 2014 U.S. Dist. LEXIS 36009, at *20; *Islander Grp.*, 954 F. Supp. 2d at 1057; *In re Innovatio*, 921 F. Supp. 2d at 922; *Clearplay*, 555 F. Supp. 2d at 1331.

### 3.    Defendants Tortious Interference and Unfair Competition Both Fail as a Result

As shown above, Plaintiff's attempts to protect its intellectual property rights cannot give rise to a valid claim for relief, and Defendants have failed entirely to show that this protection should be waived.  Courts in this circuit have held that claims for unfair competition and tortious interference with a contract or prospective relationship are specifically barred in such cases.  *See Whirlpool Corp. v. Shenzhen Sanlida Electrical Technology Co.*, No. 2:22-cv-00027-JRG-RSP,, at *7 (E.D. Tex. Mar. 5, 2024) (dismissing claim for unfair competition under *Noerr-Pennington* doctrine where there were no allegations of an underlying tort); *Content Extraction & Transmission LLC v. Wells Fargo Bank, National Ass'n*, 776 F.3d 1343, 1350 (Fed. Cir. 2014) ("Therefore, since the act of filing its suits was shielded from liability by the Noerr-Pennington

doctrine, the district court correctly dismissed Diebold's tortious interference and RICO violation claims against CET.").  As such, the Court must dismiss Defendants counterclaims for tortious interference and unfair competition.

**C.      The Pleadings Fail to State a Valid Tortious Interference Claim.**

Even setting aside the preemption and immunity issues raised above, the factual allegations in the complaint are not sufficient to support a claim for tortious interference under Texas state law. First, Defendants claim is for "Tortious Interference with Contractual or Business Relationship.  Under Texas law, there is no such claim.  *See Wesdem v. Illinois Tool Works*, No. SA-20-CV-00987-OLG,, at *23 (W.D. Tex. Mar. 12, 2021) ("With respect to Plaintiff's claim for tortious interference with its existing business relationship with Amazon, the Texas Supreme Court has recently indicated that Texas law does not recognize that specific separate cause of action.") (*citing El Paso Healthcare Sys. v. Murphy*, 518 S.W. 3d 412, 421 (Tex. 2017) ("Texas law recognizes two types of tortious-interference claims: one based on interference with an existing contract and one based on interference with a prospective business relationship.").  Assuming that Defendants are asserting a claim for Tortious Inference with an existing contract,  Defendants have still failed to adequately allege a claim for relief.

To prevail on a claim for tortious interference with an existing contract, Defendants must show that Plaintiff induced Amazon to "breach the contract" with Defendants and thus interfered with Defendants' "legal rights under the . . . contract." *Id*. But the complaint does not allege that Amazon (or any other party) breached any contract, much less that Chic caused such a breach. Thus, the complaint does not state a viable claim for tortious interference with an existing contract. *Id*. (A "tortious-interference claim must fail" where there was no breach of contract).  Furthermore, other Court's in this circuit have found nearly identical claims lacking. *See Wesdem*, No. SA-20-

CV-00987-OLG (dismissing claim for tortious interference with existing where plaintiff submitted amazon infringement complaints because "Plaintiff does not plead that any contract it had with Amazon required Plaintiff to sell a certain quantity of Defendant's products on Amazon, and instead, Plaintiff's response brief even concedes that 'Amazon (or other third-parties [sic] sellers) could determine that they would no longer allow Defendant's product to be sold through their website.'"); *see also GoLabs, Inc. v. Hangzhou Chic Intelligent Tech. Co.*, 3:19-CV-1019-N, 2020 U.S. Dist. LEXIS 48311, 2020 WL 1325209, at *2 (N.D. Tex. Mar. 20, 2020) (holding defendant's "communication with Amazon and Amazon's decision to delist [plaintiff's] products from its site, even if prompted in part by Unicorn's action, are not sufficient to establish tortious interference with contract or prospective business relations.")

Alternatively, a claim for tortious interference with a prospective business relationship requires a showing that the defendant engaged in independently tortious or unlawful conduct. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex. 2001). But the only alleged "wrongful" conduct by Plaintiff was the submission of notifications to Amazon.com and Shein.com that Defendants' products infringed its intellectual property rights. As discussed above, such alleged conducts are not independently tortious or unlawful because "federal authority makes clear that it is not improper for a patent owner to advise possible infringers of its belief that a particular product may infringe the patent." *Mikohn Gaming*, 165 F.3d at 897; *see Virtue,* 227 U.S. at 37-38 ("Such action considered by itself cannot be said to be illegal."); *see also GoLabs*, Civil Action No. 3:19-CV-1019-N, at *4 (Holding "interference with prospective business relations requires the existence of an independent tort or illegal act."). Because the complaint does not allege any independently tortious or unlawful conduct by Plaintiff, it fails to state a viable claim for tortious interference with business relations.

13

**D.      The Pleadings Fail to State a Valid Unfair Competition Claim**

Setting aside the fact that Defendants claim for Unfair Competition is also barred by the *Noerr-Pennington*, Defendants claim for unfair competition also fails to meet the pleading standard.  "Unfair competition under Texas law 'is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'" *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000) (*quoting Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir.1974)).  The claim must show "the defendants engaged in an illegal act that interfered with the plaintiff's ability to conduct its business."  *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 676 (S.D. Tex. 2010).  Here, Defendants allege that Plaintiff sent "takedown complaints and initiated litigation based on a design patent that is, on information and belief, invalid, unenforceable, and not infringed."  Counterclaims at ¶ 89.  Defendants allege no other acts taken by Plaintiff to support its claim.  *See id.* at ¶¶ 87-93.  As already addressed, Plaintiff's efforts to protect its intellectual property rights, including the very acts complained of, cannot form the basis of a complaint absent evidence of bad faith.  *See Crye*, 2015 WL 6509143, at *5; *Breville*, 2013 WL 1758742, at *8.  Furthermore, under Texas Law, a claim for unfair competition must allege that the other party engaged in an illegal act that must, at the least, be an independent tort.  *Taylor Publishing*, 216 F.3d at 486.  Here, Defendants failed to identify a single independent tort committed by Plaintiff, and the Court must dismiss the claim.

**E.      The Pleadings Fail to State a Valid Claim for Inequitable Conduct**

Defendants counterclaim for inequitable conduct must be dismissed as it is entirely devoid of any factual basis.  *Molins PLC v. Textron*, 48 F.3d 1172, 1182 (Fed. Cir. 1995) ("[U]njustified accusations of inequitable conduct are offensive and unprofessional. . . .  They should be

condemned.")  Such claims are subject to a heightened pleading standard as they are a species of fraud governed by Fed. R. Civ. P. 9(b).  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009) (Noting inequitable conduct claims must "plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b).").  More specifically, the claim "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  *Id.*  It must, at a minimum, plead "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of . . . the falsity of the material misrepresentation, and (2) . . . misrepresented this information [*4]  with a specific intent to deceive the PTO."  *Id.* at 1328-29.  The knowledge and intent requirements must also be "reasonable and drawn from a pleading's allegations of underlying fact."  *Id.* at n. 5.

Here, Defendants allege that "Upon information and belief, Yan Ding . . . knowingly and intentionally withheld material prior art references from the United States Patent and Trademark Office" and that these references were "known by Yan Ding . . . were material to patentability . . . [and] was done with the specific intent to deceive the USPTO."  Counterclaims at ¶¶ 29 and 70. As such, Defendants offer no evidence whatsoever to support their claim, relying on mere supposition.  Such pleadings have categorically been found wanting and warranting dismissal in this circuit.  *See Theta IP, LLC v. Samsung Electronics Co.*, No. WA:20-CV-00160-ADA,, at *6 (W.D. Tex. June 7, 2021) (dismissing inequitable conduct claim where defendant "relies on the same bare 'upon information and belief' allegations".); *see also Cabin Foods, Ltd. liability Co. v. Rich Products Corp.*, No. EP-11-CV-318-KC,, at *18 (W.D. Tex. Feb. 8, 2012) (striking inequitable conduct affirmative defense made upon "information and belief".).  Furthermore, Defendants fail to even attempt to address the materiality element beyond stating the references

"were not cumulative".  Counterclaims at ¶ 70.  This fails entirely to address the "but-for" requirement for an inequitable conduct claim.  *See Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA,, at *9 (W.D. Tex. Aug. 22, 2022) ("Instead, materiality is measured by a "but-for" analysis.") (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1292, 1295 (Fed. Cir. 2011) (holding "the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference")).  As such, even if the Court were to overlook the glaring lack of factual allegations related to the scienter requirements, Defendants have failed to even show that the allegedly withheld materials were even material.  Given this, the Court must dismiss Defendants' claim for inequitable conduct.

## V.    CONCLUSION

Plaintiff is entitled to dismissal of Defendants counterclaims for tortious interference, unfair competition, and for inequitable conduct.  Defendants claim for tortious interference and unfair competition, to the extent that they are legally recognized causes of action, are barred by the *Noerr-Pennington* doctrine.  Defendants have failed to allege any actual facts to support its allegations that Plaintiff interfered with a contractual right or obligation, warranting dismissal of its tortious interference claim.  Defendants also fail to show any independently tortious or unlawful conduct on Plaintiff's behalf, barring their claim for unfair competition and tortious interference.

DATED August 21, 2025.                          Respectfully submitted,


                                                By: */s/ Hao Ni*_____
                                                Hao Ni
                                                Texas Bar No. 24047205
                                                hni@nilawfirm.com
                                                Stevenson Moore
                                                Texas Bar No. 24076573
                                                smoore@nilawfirm.com

                                                **NI, WANG & MASSAND, PLLC**
                                                8140 Walnut Hill Ln., Ste. 615
                                                Dallas, TX 75231
                                                Tel: (972) 331-4600
                                                Fax: (972) 314-0900


                                                *Counsel for Plaintiff*


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 21st day of August, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                */s/ Hao Ni*_____
                                Hao Ni