IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| YAN DING,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>Defendants. | Civil Action No. 4:25-cv-517 |

**PLAINTIFF YAN DING'S RESPONSE TO DEFENDANT'S MOTION TO RECOVER DAMAGES FOR PLAINTIFF'S WRONGFUL RESTRAINING ORDER**

Plaintiff, Yan Ding ("Plaintiff"), files this response to Defendants NUOLI Furniture, NUOLI Office Furniture, NUOLI-US (collectively, "NUOLI") and Bazhoushinuolijiajuyouxiangongsi's (collectively along with NUOLI, "Defendants") motion to recover damages for wrongful temporary restraining order and, in support thereof, respectfully states as follows:

I.   INTRODUCTION

Defendants' Motion should be denied as it is based on four unsound arguments. First, Defendants argue—without justification—that Plaintiff was required to disclose a previously closed Northern District Illinois action (Civil Action No. 1:24-cv-11528) (the "NDIL Action") on the civil cover sheet in this action. No such requirement exists. Defendants also argue that Plaintiff was required to provide them with copies of the sealed filings in that case, but these documents are not in Plaintiff's possession. In addition, Defendants complain of the infringement evidence it used to show infringement in this action. But the evidence as obtained directly from Defendants'

1

product listings and was unaltered in any way.  Defendants also argue that Plaintiff incorrectly claimed that Defendants would take actions to transfer wrongfully obtained assets to offshore bank accounts without any substantiation for their position.  Defendants also repeatedly accuse Plaintiff of acting in bad faith without any substantiation whatsoever.

Here there is no evidence of bad faith.  Defendants' arguments are little more than unsubstantiated accusations that rely on misstatements of the law or misrepresentations of the facts.  Accordingly, Defendants' request for wrongful temporary injunction damages should be denied.

## II.     BACKGROUND

Plaintiff, through its prior counsel, filed a lawsuit for infringement of the Asserted Patent against three online storefronts—NUOLI Furniture, NUOLI Office Furniture, and NUOLI-US—in the Northern District of Illinois on November 8, 2024.  *See Ding v. Ba Zhou Shi Nuo Li Jia Ju You Xian Gong Si*, No. 1:24-cv-11528 (N.D. Ill. 2024) (the "NDIL Action").  Plaintiff sought an *ex parte* temporary restraining order, which was denied by Judge Gotschall by minute entry on the basis of a failure to show personal jurisdiction and joinder were proper.[1]  On January 6, 2025, Plaintiff filed a voluntary notice of dismissal without prejudice of the NDIL Action.  On May 15, 2025, Plaintiff filed this action, alleging infringement of the Asserted Patent by the NUOLI Defendants, and seeking an *Ex Parte* temporary restraining order against Defendants, which has since been dissolved.  Dkt. Nos. 1, 7, and 19.

Defendants repeatedly attempt to cast Plaintiff's legitimate and lawful efforts to police and enforce its intellectual property rights as nefarious conduct.  For example, Defendants complain

---

[1] Defendants have contested neither in this matter.

that Plaintiff's failure to include the already dismissed NDIL Action on the civil coversheet is further proof of ill intent. Doc. No. 36 at 5-6. This argument twists the purpose of the requirement to notify the Court of *pending* cases involving the same parties and matters, a requirement designed to comply with the "First-to-File" rule and to conserve judicial time and resources. *See LifeNet, Inc. v. United States HHS*, 617 F. Supp. 3d 547 (E.D. Tex. 2022); *see also* P.R. 2-6. As yet more examples, Defendants claim: (1) that Plaintiff "did not actually purchase" the Accused Products—which is irrelevant give that infringement is clear from the included screenshots; (2) that Plaintiff did not "obtain or inspect any physical samples" of the Accused Products—again ignoring the evidence of infringement submitted; and (3) that Plaintiff "intentionally obscured the product images" of the Accused Products in an attempt to "conceal"—again ignoring the infringing evidence, and the fact that Plaintiff used Defendants product images without any editing or obscuring whatsoever. Doc. No. 36 at 6. Defendant further makes an irrelevant argument about Plaintiff's allegation that Defendants would thwart its attempts at obtaining a recovery in this case. Defendants also suggest, without and evidence, that Plaintiff's litigation conduct shows bad faith.

### III. ARGUMENTS AND AUTHORITIES

#### A. Wrongful Temporary Restraining Order Damages Are Not Appropriate in This Case

In the Eastern District of Texas, as elsewhere in the Fifth Circuit, damages for a wrongful temporary restraining order ("TRO") are governed by Federal Rule of Civil Procedure 65(c). While the Rule requires that security be posted to cover costs and damages if a party is "wrongfully enjoined or restrained," the Fifth Circuit has consistently emphasized that such damages are not automatic. Instead, recovery rests in the equitable discretion of the district court. As the court explained in *H & R Block, Inc. v. McCaslin*, "the awarding of damages pursuant to an injunction

bond rests in the sound discretion of the court's equity jurisdiction." 541 F.2d 1098, 1099 (5th Cir. 1976). This means that even if a TRO is dissolved, the court may properly deny recovery if the order was sought in good faith, the issues were close, the movant's conduct was not improper, or the TRO was dissolved for reasons other than a final merits determination, the Court may properly deny recovery altogether.

Moreover, any recovery is generally capped at the amount of the bond required by the court under Rule 65(c). The Fifth Circuit has expressly upheld district courts' discretion to set only nominal security or no bond at all, which correspondingly limits or forecloses damages. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citing *Corrigan Dispatch Co. v. Casa Guzman*, 569 F.2d 300 (5th Cir. 1978)). Absent an independent showing of bad faith or malicious prosecution, recovery cannot exceed the bond, and speculative or indirect losses are not compensable. *See Continuum Co. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989). "The bond provides the plaintiff with notice of the maximum extent of its potential liability since the amount of the bond "is the limit of the damages the defendant can obtain for a wrongful injunction, . . . provided the plaintiff was acting in good faith." *Id.* (citing Buddy Systems, Inc. v. Exer-Genie, Inc., 545 F.2d 1164, 1168 (9th Cir.1976), cert. denied, 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977)); C. Wright & A. Miller, 11 Federal Practice and Procedure, § 2973, pp. 652-65. Thus, a party resisting damages can argue both that the bond limits recovery and that the claimed harms were not proximately caused by the TRO. In all events, damages must be proximately caused by the TRO and cannot be speculative, indirect, or self-inflicted.

Finally, courts have long held that attorneys' fees and litigation expenses are not recoverable as damages on an injunction bond. The Supreme Court in *Tullock v. Mulvane* made clear that the American Rule applies, barring fee recovery absent statutory authorization or a

4

showing of bad faith. 184 U.S. 497, 512 (1902). The Fifth Circuit has applied this limitation in wrongful injunction contexts, treating fees as beyond the scope of Rule 65(c) damages.

### B.     The Arguments Related to the NDIL Action Are Baseless

The cornerstone of Defendants' argument is that Plaintiff's supposed "concealment" of the NDIL Action is somehow indicative of bad faith. This argument is specious for numerous reasons. The argument stems from Plaintiff not including *Ding v. Ba Zhou Shi Nuo Li Jia Ju You Xian Gong Si*, No. 1:24-cv-11528 (N.D. Ill. 2024) (the "NDIL Action") in the list of related case on the civil cover sheet. This argument ignores the purpose of related-case disclosure and is contradicted by the public record. As Plaintiff has already addressed in its motion to dismiss, the NDIL Action was voluntarily dismissed without prejudice by Plaintiff on January 6, 2025. Motion at 3. The entire purpose of notifying the Court of pending related cases on a civil cover sheet is to prevent inconsistent judgements and to conserve judicial resources. *See Sonrai Memory Ltd. v. Micron Technology, Inc.*, No. WA-22-CV-855-FB,, at *4-5 (W.D. Tex. Mar. 16, 2023) (Noting that the civil cover sheet form JS-44 related cases refers to "an earlier numbered *pending* case."). The key is that the related case must be a *pending* case, which the NDIL Action was not. Even L.R. 42(a) only requires matters that are "then pending before this or another court or administrative agency, or previously dismissed or decided by this court" to be listed in the civil cover sheet. L.R. 42(a). The previously dismissed NDIL Action does not, therefore, fall under this rule. Also, the motion for temporary restraining order was denied by minute entry for reasons that are not relevant to this case. The motion for temporary restraining order was denied without prejudice for failure to comply with a judge specific standing order. NDIL Action, Doc. No. 18, attached hereto as Exhibit A ("Plaintiff's motion [11] for temporary restraining order is denied without prejudice because the

5

instant motion and accompanying papers do not comply with ¶¶ 1, 3, and 6−8 of the standing order."). There is no comparable standing order here.

C.     **The Arguments Related to Misleading/Obscured Product Evidence is also Baseless**

Defendants argue bad faith because Plaintiff "did not actually purchase" the Accused Products, but this is irrelevant given that infringement is clear from the screenshots included in the Complaint. It makes no difference that Plaintiff did not "obtain or inspect any physical samples" of the Accused Products as the evidence of infringement submitted with the Complaint is sufficient. Defendants also claim, without any evidence, that Plaintiff "intentionally obscured the product images" of the Accused Products in an attempt to "conceal"—again ignoring the infringing evidence, and the fact that Plaintiff used Defendants product images from Defendants product listings without any editing or obscuring whatsoever.

Defendants' so-called "evidence" of so called bad faith is copied below.



Counterclaims at ¶ 30. The test for design patent infringement is whether an ordinary observer would be confused. Defendants own "evidence" belies their argument, and in fact shows that the accused products and the patented design are nearly identical. *See Breville Pty Ltd. v. Storebound LLC*, No. 12-cv-01783-JST, 2013 WL 1758742, at *7 (N.D. Cal. Apr. 24, 2013) As such, Defendants have not shown bad faith, but they have instead shown the opposite, that their products are confusingly similar to the claimed design under the ordinary observer test.

### D. The Arguments Related to Defendants' Contact Information are Immaterial

Defendants' arguments related to their contact information do not show bad faith. Plaintiff alleged that he would not be able to obtain any meaningful recovery if Defendants were given notice prior to injunctive relief. Doc. No. 36 at 6. This statement accurately reflects Plaintiff's belief and was not made in bad faith. Defendants have not provided any evidence to suggest that the statement was made in bad faith.

### E. There is no Evidence of Bad Faith

Defendants appear to suggest that its baseless arguments related to the NDIL Action, to Plaintiff's imagined refusal to meet and confer, and to Plaintiff's good-faith, legally protected enforcement of its patent rights are somehow indicative of bad faith. This is simply not so. Rather, the contrary is try. *See* e.g., Doc No. 34 (wherein Plaintiff has been forced to file a Motion to Set Aside Clerk's Entry of Default due to Defendants' unexplained refusal to observe this Court's precedent). Plaintiff has complied with his meet and confer obligations and pursued this action in good faith. Even its enforcement activities are all protected activities under the *Noerr-Pennington* doctrine. *See* Doc. No. 25.

### F. Defendants' Are Not Entitled To Wrongful Injunction Damages

Defendants have not shown any bad faith on the part of Plaintiff in this case. Their arguments are bolstered only by insubstantial speculation and attorney argument. There is no showing of bad faith regarding the NDIL Action, Plaintiff's infringement allegations, Plaintiff's litigation conduct, or its enforcement of its patent rights. In fact, Defendants purported lost sales are not supported by adequate evidence as the declarant purporting to provide support does not appear to have a relationship with Defendants or explain in any substantial way how he has knowledge to support the statements in the declaration. Also, Defendants' are not entitled to

recover attorneys' fees as they suggest in their Motion. Defendants' motion should, therefore, be denied.

### IV.  CONCLUSION

Defendants' request for wrongful injunction damages should be denied. Defendants have no actual support for their arguments. Rather, they hurl accusations at Plaintiff based on nothing more than speculation and attorney argument. There is no bad faith on the part of Plaintiff in this case. Further, Defendants do not support their request for damages with sufficient evidence. Additionally, there is no basis for awarding attorneys' fees to Defendants in this case.

DATED September 29, 2025.

Respectfully submitted,

By: */s/ Neal Massand*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                   */s/ Neal Massand*
                                                   Neal Massand